The next case on our docket is 25-50566 Grice v. Metropolitan Life Insurance Company. Mr. Roach. Thank you, Your Honor. Good morning. My name is Lonnie Roach. I represent Jason Grice, who has a very unfortunate neurological, progressive neurological condition called Charcot-Rouge tooth disease. It's a terrible condition that causes his extremities, most primarily his feet, to contract into clumps, so that periodically surgeons have to go in and break his bones, straighten out his digits, shove pins through them into his metatarsals to allow it to heal long enough for him to go for another period of time when the process starts all over again, and he's had a number of surgeries throughout the course of his life, but the surgery that brings us here today occurred in January 2022. In his previous surgeries, after he's had these procedures done, he has been able to return to work, work for Google LLC, but on this particular occasion, I think due to the progressive nature of the disease, he got to the end of his approved short-term disability period and he couldn't go back. The surgeon said, no, you're not ready, I'm going to extend your time off of work, his physical medicine rehabilitation doctor said, no, you can't go to work right now. If you did, you'd have to take 15 to 20 minute breaks, excuse me, breaks every 15 to 20 minutes due to the pain, because he had not recovered from the surgery, his employer, Google LLC, extended his medical leave, so he was fine from his employer, but the long-term disability insurance policy that was administered by MetLife denied his long-term disability claim. And that's where this very simple case got very complex, because the Google LLC plan, I personally believe is a very well-crafted ERISA plan, and I've read a lot of it. The Google plan provides 27 different distinct component programs, benefits to its employees, all sorts of things. They'll help you draft a will, they'll help you with your probate services, life insurance, health insurance, medical insurance, disability insurance, et cetera. The plan, which governs these 27 component programs, divides up these component programs into two broad classes, those that are self-funded, probate services, help you draft a will, et cetera, to those that are fully insured. And for some benefits, Google simply says, we're just going to buy insurance and let the insurance companies take care of this. And the long-term disability plan that MetLife issued was a fully insured plan. This is the way the plan document describes these component programs that are fully insured. Insurance, the company may but will not be required to insure any of the benefits provided by the plan. To the extent the company elects to purchase insurance, any such insured benefits will be the sole responsibility of the insurer, and neither the plan sponsor, the participating employer, nor the plan shall have any responsibility for the payment of such benefits. We bought the insurance, we issued an insurance policy, let the insurance company take care of it. Well, that seems simple enough. If we have an insurance policy, a long-term disability insurance policy, fully insured, that we can read and see exactly what it provides, and the plan document even states. This certificate describes the benefits that are available to you. We urge you to read it carefully. Now, of course, reading this insurance policy carefully would have done Mr. Grice no good because of the reason we're here today. Because MetLife argued for, and the district court ultimately determined that it was going to take this, it was going to review MetLife's decision to provide benefits to Mr. Grice under a preferential standard, instead of the arbitrary Comprecia standard, instead of the Novo standard. Now, the Google plan is structured so that it leaves it up to the insurance components as to what sorts of rules are going to be used to govern the particular claims. And on the surface, this seems very simple because the insurance policy in this case was used in Texas. Texas bans discretionary clauses in insurance policies. It was issued after 2011. This insurance policy was issued in 2022. It does not contain a discretionary clause, and it contains the regulatory language necessary to be an appropriate conforming Texas insurance policy, which is exactly what it is. And since there's no discretionary clause in it, very simple, this is a DeNovo review of MetLife's decision. Except MetLife argued, well, no, we need to look at additional terms which aren't in the plan, or excuse me, not in the insurance policy. There's other things we have to go look at that the plan didn't bother to look at in the insurance policy, and one of them is the discretionary clause in the plan document. Well, the plan document is not an insurance policy. It's a global plan designed. It covers 27 different component programs. And the plan document states that it confers discretionary authority on all of the individual administrators of each of its component programs, but subject to a litany of rules and tests for conflict. In each instance, whether it's a plan document, the wrapped summary plan description, or any of the documents, all of the documents in this plan require that the terms of the certificate of insurance governs whatever component is insured by that certificate of insurance. Seems to make sense. Actually, it makes very good sense. It's an elegantly drafted plan, quite frankly. But if we stick to the four corners of the insurance policy which governs Mr. Rice's benefits, there cannot be discretionary review of claim determinations because, once again, policy is used in Texas, doesn't contain a discretionary clause. And so Mr. Rice's determination should be reviewed de novo. MetLife argued in the district court agreed to look outside the four corners of the certificate of insurance and said, well, we can rely on the discretionary clause and the broad grant of discretionary authority in the plan document. Well, there's a problem with that. The problem with that is now we're using deferential review on an insurance policy that wasn't designed to provide deferential review. It doesn't contain a discretionary clause. So how do we get around the fact that the insurance policy doesn't contain a discretionary clause? And the district court said, well, what we can do is we can say that there's one in the plan document, and we can just use that one. And what the district court's term was, it was just additional terms. It's additional terms for this particular coverage. And we say, well, discretionary review on these types of claims are not legal in Texas. If the plan document confers discretion on MetLife, that is not a lawful convergence of deferential review because those types of reviews in Texas on these types of policies are not legal. Well, the district court said, well, we can look at then another state's laws. We can't look at Texas law because Texas law would not allow deferential review of Mr. Grice's claim. We can look to California law. Why are we going to look at California law? Well, because the plan document contains a clause that states that it was delivered in California and would be governed by California law. But Mr. Grice would argue, yes, but the document she gave me and the plan document itself says that we only apply the provisions of the plan document or other documents if it's included in the certificate of insurance. And the form selection clause in the plan document is not included in the certificate of insurance. Well, the district court says, well, group life policy. The certificate of insurance was issued under a group life policy. The group life policy was a policy that MetLife issued to Google LLC. The problem with that is, once again, the group life policy says, well, not all the provisions of the group life policy apply to the individual components of the group life policy. So we'll pull out the components for the group life policy that apply to your claim, Mr. Grice, and we'll put them in your certificate of insurance. Well, Mr. Grice would say, well, there's no form selection clause in my certificate of insurance. My certificate of insurance doesn't say it's governed by California law. I don't have any contact with California. Never been to California. It's a, yeah, I live in Texas. My job was in Texas. I worked in Texas. This policy was issued to me in Texas. Why would California law govern if there's no form selection clause in my certificate of insurance? And the district court said the most remarkable thing. The district court argued that, well, the form selection clause was incorporated by reference into the certificate of insurance, which the only response to that is, no, it's not. There's no incorporation by reference. It doesn't say that. It doesn't say that anywhere in there. And so the district court said, well, we believe it's incorporated by reference. So we'll apply California law to your claim, Mr. Grice, even though your claim occurred in Texas. But then that raises another problem. And one of the problems is that the plan document grants this broad deferential authority to all the administrators of the component programs has a caveat. It states that, provided that, any deferential decisions must be applied uniformly to all persons similarly situated. And the problem with the way the district court interpreted this plan is that the district court recognized that California, the state of California, like Texas, bans discretionary clauses on these types of claims, but only for California residents. So under the district court's ruling, if you work for Google LLC and you are lucky enough to live in California, you get a noble review of your claims determinations. But if you work in Texas or really anywhere else but California, sorry, it's going to be discretionary for you. Only California residents get the deferential review, not people from Texas or Louisiana or Mississippi or Nevada or Colorado or any of the other states that Google LLC operates on. And so we end up with a decision that puts California residents, or Google employees, in a completely different category than Google employees who work in other states other than California, even though the express terms of the plan document say that we don't do this. And that presents the danger that this case poses because what this case, what the district court's decision does is it provides a roadmap for an insurance company who maybe wants to operate in a state like Texas that bans discretionary clauses in insurance policy, but they just don't like that. They really don't like the fact that they can't exercise that discretionary authority because it's illegal in the particular states they want to issue policies in. So what you do is you take your discretionary clause and you put it someplace that the state can't regulate. See, the state can regulate an insurance policy because of a risk of savings clause. The insurance regulation is saved from preemption by the risk of savings clause, but the state can't regulate a plan document because it doesn't solely regulate insurance. The state can't regulate a summary plan description. So what this case does, if it is allowed to stand, is it provides the framework for any time an insurance company wants to avoid state regulations. It simply puts the differential clause someplace else, maybe an app, maybe a web page. MetLife has tried this in other jurisdictions and been rebuffed, and I would urge the court to do it here. Thank you. Thank you. Thank you. May it please the court. Linda Moore, representing Metropolitan Life Insurance Company. The sole issue in this case is did the district court correctly determine the judicial standard of refute and that it was abuse of discretion? And the answer is yes. In making this determination, the district court took an orderly two-step process. First, it determined, did the plan sponsor through the terms of the ERISA plan vast MetLife with discretionary authority? And once that it determined that it did, it then looked at the two state laws and said, what state's law applies in determining whether a state's insurance law banning delegation clauses applies? The district court took the right steps, and its opinion sets out the correct analysis. With regard to both of these issues, Mr. Grice is asking the court to ignore clear, unambiguous terms of the ERISA governed plan and well-established Fifth Circuit law. Let me say that if California's ban on discretionary clauses, which was applied in this case, was as broad as the Texas statute, Mr. Grice would not be here today complaining. In considering whether the plan grants discretionary authority to MetLife, the Supreme Court has stated that the plan is the center of ERISA, and its statutory scheme is built around reliance on the face of the written plan documents. Further, this court has stated over and over, when interpreting an ERISA plan, the provisions are read not in isolation, but as a whole. Google has a very detailed plan document. And while there may be four relevant documents here, these documents are component parts of one unified plan. Counsel, if the discretionary clause appeared in the Certificate of Insurance, would Mr. Grice prevail? Your Honor, the discretionary provision would not be, I don't think, in the Certificate of Insurance or the insurance policy, because that's the insurance document. Here, it's the plan sponsor who put it in their document. And it's the plan sponsor that determines the terms of the plan. I understand. What I'm asking is, suppose that it was in, instead of this sort of put it in one document, but not the other, then read them all together and incorporate by reference. If it had been in the Certificate of Insurance or in the insurance document, I guess it doesn't really matter, either one, something subject to the Texas Insurance Code, would Mr. Grice prevail? Because it would be prohibited by Section 1701.062. No, because under the Forum Selection Clause in the plan, California law applies, which also bans discretionary clauses. But as Mr. Rocha stated, it's limited to California residents. So what if, can we take a risk out of this for a second and just think about it as a normal insurance case? So in a normal insurance case, could, because MetLife, I assume, provides those insurance products as well, not just ERISA products? No, it no longer does provide individual policies. It's spun that off to Bright House. Brilliant. So let's say Bright House, or pick a different life insurance company. If they tried to put a discretionary clause in an insurance contract, I assume that would be prohibited by Texas law. Interestingly enough, I don't think discretionary clauses are insurance provisions. In the ERISA context, they come, obviously, from trust law. But I'm not sure you would ever see discretionary provisions in an insurance individual policy, but yes, I guess. Because you wouldn't have a fiduciary that would be doing the discretionary decision making. Correct. Fair point. So what, in your view, does the Texas law prohibit, then? If it wouldn't prohibit, it obviously wouldn't apply in a non-ERISA context for the reason you just gave, which is there's no fiduciary to be making the discretionary decisions. And it also can't apply in ERISA. Then what does it mean when the Texas legislature says an insurer may not use a document that includes a discretionary clause? Just what it says. And in cases, ERISA cases that I have that are governed by Texas law, we can see that it's a de novo review. But here we have the forum selection clause, which is what makes this case apply California law. And so what are the limits, if there are any, on using a forum selection clause? As he points out, Mr. Grice points out, he has no connections to California. The plan wasn't issued in California. He was working and providing services to your client, I suppose, the employer in Texas. Actually, the plan was issued in California. And it even says in the policy that the policy is issued in California. When we say policy, you mean the insurance policy? Yes. What Mr. Roach says in his argument is trying to say an insurance policy was issued to his client. But that's not true. This is a benefit plan that covers Mr. Grice. It has the formal plan document, which has forum selection clause. It has the SBD, which has forum selection clause. And then it has a MetLife policy that funds the disability benefits in this case. And then it has the MetLife certificates of insurance, which, number one, says it's a part of the policy, which includes the forum selection clause. And it provides the claim procedures and the coverage for LTDs. And I want to make sure I understand what you mean. You keep saying forum selection, but you mean choice of law. I'm sorry. Right. Yes, you're exactly right. There's no dispute. I'm sorry, I misspoke. Well, we're cool with the forum. Everybody's happy to be here. We're fine with it. Yes, I apologize. And I don't think I made that mistake in my verdict. Choice of law, yes. So it's undisputed that the Google plan makes grants of discretion to the plan administrator and the claim administrator. In the two documents prepared by Google, the plan document and the SVD. Mr. Grice admits at page 15 in his brief that the plan document includes a provision conferring discretion to the appropriate administrator. Does any state in the union allow a discretionary clause in insurance policies? I'm sorry. Does any state in the union allow discretionary clauses in an insurance policy? In an individual policy or in a policy with ERISA, yes. In fact, I think there are more that don't ban discretionary provisions than there are that do ban discretionary provisions. I'm sorry, did that answer? Yes. OK. California bans them, but only for California residents. Yes, that is correct. And so under the Google plan, which is in California, as Mr. Roach pointed out, their own employees there, there would be de novo review. But in any other state, it would not. It would be abuse of discretion. Are you aware of choice of law cases that say that either as a matter of contract drafting or as just a matter of a court interpreting a choice of law clause, as we have in this case, that state A has the power to make the law better for its residents than it is for everybody else subject to the choice of law clause? It's an interesting choice of law problem, because I get it. You wrote the contract, and I understand why you would write it the way you did. But it then puts us in a situation where we have to choose to apply a law that hurts Mr. Grice in a way that it wouldn't if we were in California, which is sort of the opposite of the way this normally works. Normally, when you do choice of law, we're supposed to treat it as if we were in California, applying California law. And this is interesting, different. Are there courts that have addressed this question? Not specifically, except that I think that this court has touched on this. The Supreme Court has stated multiple times that employers and plan sponsors are free to put discretionary authority provisions in their benefit plan. So there's no question that the provisions in benefit plans are enforceable. Here, the alleged lack of uniformity that I believe is your question and that Mr. Grice complains of is not because of MetLife's claim determination or the terms of the plan or the district court's decision, but by the reservation of the business of insurance to the state by a risk of savings clause. In Arianna M. versus Humana Health Insurance, this court noted that the fact deference is available in some states and not in others is, quote, a difference rooted in the policy choices of states, differences that are expected and honored in our federal system, and not based on inconsistent court interpretations of the same law. But you appreciate the oddity, right? So there obviously is a savings clause. We're generally, in ERISA, supposed to be interpreting the insurance products consistent with Texas insurance law. But in this case, you're asking us, and the district court did, apply an insurance law that exists in no state. Does that make sense? This is not an insurance. The insurance product that we're talking about would not apply in Texas. Obviously, we just went through that. It also wouldn't apply in California, right? Because if we were in California talking about California insurance, they would get the benefit of the prohibition on discretionary clauses there, too. So it's only because we're adopting California, using a choice of law clause to look to California law, that we are then hurting Mr. Grice in a way that no state would hurt him. And we're using choice of law principles to do that. So that does seem hard. But the court has, and I understand the court's point, but I think it has to look at the Fifth Circuit's decision in Reitinger versus Healthy Alliance Life Insurance, which is very similar. In Reitinger, the policy for the plan was issued and sold in Missouri to a Missouri employer. And the certificate of insurance stated that, quote, the laws of the state in which the group contract was issued will apply. So that's basically what we have here, except California. Based on these factors, this court stated that Missouri law applied. There again, hurting the resident that was bringing this. And as the district court discussed in its order, this court specifically held that the Texas insurance code prohibition of delegation clauses does not apply where the law of another state governs the ERISA plan. So I think you have to just follow the law. I mean, sadly, there's inequitable results. But this is, I think, a very, the terms of the plan here with regard to discretion, with regard to incorporation, and with regard to the choice of law are unambiguous and very well set out. Yeah, I appreciate that. Do you happen to recall if Missouri law would have treated Missouri residents the same? I don't. I do not in that. And I don't know that the opinion specifically went into that. Granted, this California statute is a bit unusual. It's not like the other ones that I've seen that are generally as broad as the Texas one. It's unusual because it bans the discretionary clause only for its own residents? That's correct. Yes, Your Honor. Yeah. I don't understand the policy choice that the legislature made there. I mean, it's undisputed that California law applies in this case via the choice of law clause. Is anybody contesting that? There are, no, I think if you look, there is one specific case that we cited in our brief, which I believe is a Second Circuit case, that didn't give a whole lot of analysis, but made it clear that California law was there. I'm just trying to figure, is this a choice of law case? The choice of law issue here determines the standard of, I guess, review, as we're calling it, for the claim. Discretionary versus de novo. Right. The judicial statute. Are you also arguing that it doesn't really matter, the standard of review? Because his claim would fail regardless. Well, we don't reach that point here, but if that issue was before it, I would. Yes, absolutely. I'm just asking a question. I don't recall. Are you arguing that in your brief? No, because we don't reach that. But, and that's why we filed these documents, to have the standard of review applied. But I do believe, based on the terms of the plan, with regard to the coverage, that Mr. Bryce would not have received LTD benefits. There were evidence in the record that he went hiking, that he went walking. So there are things in the record that we think support our decision either way. From the perspective of a choice of law issue, I mean, Google is a California company, right? Correct. And the policy was issued in California. Now, I understand Mr. Bryce is a Texas resident, but under choice of law principles, it doesn't immediately occur to me why the issuer of the insurance policy couldn't choose to apply California law to the policy. Am I right about that, or am I missing something? Well, I mean, the connection, the insurance policy is not to Mr. Bryce. It is to Google. Yes. And so all the connections, and there are cases that don't have choice of law rules, that talk about ERISA plans and the connections being where the plan administrator and sponsor is, where the insurance policy funding, the benefits, was issued. And those are all issues or factors where courts have determined that that state, where the plan is, should apply. That's just a typical choice of law problem for a contract, right? Yes, sir. Yes. Yes. Besides Reitinger discussing the choice of law rules, this court has also discussed the efficacy of choice of law rules in two other cases, Jimenez and Singletary versus USP, UPS, excuse me. In those cases, the court, and I don't think the court has specifically determined which of three possible approaches could be used to determine the choice of law rule. Because in those cases, Singletary and Jimenez, the court said that the claimant had the burden to prove that the application of the choice of law was unreasonable. In Jimenez, the insurance company sought to enforce the choice of law provision and the ERISA policy that stated this policy is delivered in Texas and is subject to the laws of that jurisdiction. Mr. Jimenez argued similarly to Grice's argument here that the court should apply Louisiana law because he lived and worked in Louisiana. And his accident occurred in Louisiana. Jimenez also argued that Louisiana law and Texas law treat, which was the issue, illegal act exclusions differently. And he lived, worked, and became disabled in Louisiana. In rejecting those arguments, this court stated that Jimenez failed to cite any legal authority to support his claim that a difference between Texas and Louisiana law is sufficient to void the policy's choice of law provision. The court went on to say, what the effect of this is, Google's chosen a state, California, but in all the other 49 states, MetLife has discretionary calls. That is correct. Based on the quirkiness of California's decision. Well, it may not be quirkiness. It may be a conscientious decision. It might be. But as I said, I'm not aware of any other discretionary ban that is so limited. So generally, we are dealing with a de novo review. As stated, California has a significant relationship to the plan and the plan benefits. The situs of the plan is California, the policyholder, plan sponsor, and Grice's employer, Google, is in California. The plan administrator is in Google, and the policy was issued for delivery in California. The Google plan has a valid and lawful grant of discretionary authority to MetLife, and the choice of law provisions requiring the application of California law must be honored. So we would ask that the district court's decision be affirmed. Thank you. Thank you, counsel. Judge Duncan, you raised a question. You made the point that isn't this a typical choice of law question. I respectfully disagree that it is. My point is simply that I remember taking Conflicts of Law in law school, and there is a chapter in the book on contracts. Sure, of course. And so you make these, in the restatement, there's a multi-factor test. There is for everything in the restatement. Of course, but really. In Louisiana, you look at a code, because Louisiana's got better law than the other states. I understand. And you look at various factors. And that's my only point.  And my point, when I say it's not typical, is we're not looking at a choice of law clause and determining whether it should be applied or not. There is no choice of law clause. OK, that's what I was going to ask you. If you could just sort of fill in the blank. The district court erred because, fill in the blank. Because. It needed, the district court needed a choice of law clause in the Certificate of Insurance in order to get around Texas statutory law banning discretionary clauses. So you're saying the choice of law provision for California law shouldn't be applied? Correct. OK, and why? Because it is not included in the Certificate of Insurance. And the certificate specifically states that this certificate is issued to you under the group policy that includes the terms and provisions of the group policy that describe your insurance. OK, that doesn't have a choice of law. And it does not have. So what's the difference? There's another choice of law for California. And you're saying they. The Certificate of Insurance was issued under a larger group life policy. The group life policy was between Google and MetLife. The only two parties, Google and MetLife. No Mr. Grice, none of the other Google employees. It contains a choice of law clause. The certificate which was issued under the group life policy states, this has the provisions of the group life policy that apply to your claim. And the choice of law clause is not in there. It's not included, which makes perfect sense because this policy has the regulatory language to be used in Texas, the language that Texas required. You wouldn't need it if you're going to apply California law. So this is not a typical choice of law clause, choice of law problem because we're not looking at a choice of law provision and deciding whether to apply it, whether it's fair, whether it comports with restatement, et cetera. We're saying we don't have one. Well, can we go get one somewhere else? Well, it's sort of a tripartite contract. Google contracts with MetLife to provide a certificate of insurance to its employees. But Google confers on MetLife discretion in deciding whether it pays benefits. Is that correct? The Google plan document confers discretion on the administrators of all 27 of its component programs, except the Google plan document also states, except for fully insured programs. It states that for fully insured programs, it's the terms of the certificate of insurance which govern. In other words, the Google plan document says we give discretion to everyone. And if there is a dispute, you have to look to our terms for self-funded component programs. But for fully insured programs, we look only at the certificate of insurance. And the certificate of insurance does not contain the discretionary clause. And Judge Oldham, you're absolutely right that it makes a huge difference whether Mr. Rice lived in California or Texas, because he would have won his case in at least this issue. This issue is on the standard of review. He absolutely would have won if he was a California resident. The district court said that. So yeah, you'd win if you're in California, but you're not. You're in Texas. So sorry. And the difficulty, I think, that you were having with this doesn't seem to make sense. How do we make this work? Brings me back to where I started, to why this was a very simple case that got really out of hand, because if you have an insurance policy, you ought to be able to look at the insurance policy and tell them what it covers. But in the district court's decision, you can't do that. You've got to look at four documents. Some of these documents are not even given to employees. The 327-page plan document, that's not given to employees. The group life policy between MetLife and Google, that's not given to employees. Yet those are where we put it. Does California law govern everything in that policy, or does Texas law govern everything in that policy? California law governs only the group life policy. It does not cover the certificate of insurance for long-term disability coverage. California law has nothing to do with the certificate of insurance, which is the, we're using these, I call it the certificate, because I keep saying the policy, policy. Well, there are multiple policies. California law has nothing to do with the certificate of insurance for long-term disability. And I am supposed to know that, because how am I supposed to know that? You know that because if California law was, excuse me, if the choice of law provision was going to be applied, we're going to look at California law, they would have put it in the contract. That gets back to your typical choice of law question. The first choice of law question you would ask, not the first, but salient one, is, is there a choice of law clause? Well, OK, your analysis is completely different if there's a choice of law clause. But there is no choice of law clause in the certificate of insurance. But the contract is not between met life and the individual, is it? The certificate of insurance for long-term disability is between met life and the individual. The group life policy under which this is just a component of is between Google and met life. But you say it's a component. I mean, isn't your client just a third party beneficiary? My client is a third party beneficiary of the group life policy by virtue of his coverage that was given to him under the certificate of insurance. So the actual contract is the plan, or is the metropolitan overarching life insurance policy? I think the contract in this context is the certificate of insurance, because that's what the plan specifies. The plan states that. But you agree that he's a third party beneficiary. I do agree that he is a third party beneficiary. He is not contracted directly with met life. Yes, yes, he's insured by met life. Yes, he's insured by met life. If anything, it's a contract of adhesions. Take what they give you. Oh, come on. Thank you very much. Thank you, counsel.